NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000117
12-APR-2012
09:09 AM**

NO. CAAP-10-0000117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DAVE BROWN, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI; MELANIE CHINEN; BOB AWANA;
ASHLEY CHINEN, Defendants-Appellees,
and
DOES 1-25, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1193)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant Dave Brown (Brown) appeals from the "Final Judgment in Favor of Defendants State of Hawaiʻi, Melanie Chinen, Bob Awana, Ashley Chinen and Against Plaintiff Dave Brown"[1] (Judgment) filed on December 9, 2010 in the Circuit Court

---

[1]  Brown filed his October 29, 2010 notice of appeal prematurely, after the circuit court's announcement that it intended to enter final judgment, but prior to entry of the December 9, 2010 Final Judgment.  The Hawaiʻi Supreme Court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to [Hawaiʻi Rules of Civil Procedure] HRCP [Rule] 58[.]"  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  Nevertheless, Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2) authorizes a premature notice of appeal: "If a notice of appeal is filed after announcement of a decision but before its entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."  Furthermore, "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case."  Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (internal quotation marks and citation omitted).

of the First Circuit[2] (circuit court). Judgment was entered pursuant to the "1) Order Granting Defendant Ashley Chinen's Motion For Summary Judgment Filed 05-01-2009 and Denying Plaintiff's Motion To Continue Defendant Ashley Chinen's Motion for Summary Judgment Filed 06-16-2009 filed July 23, 2009, 2) Order Granting Defendant Bob Awana's Motion for Summary Judgment Filed May 19, 2009, filed October 7, 2009, 3) Order Granting Defendant Melanie Chinen's Motion For Summary Judgment by Reason of Claim Preclusion Filed December 28, 2009, filed March 19, 2010, 4) Order Granting Defendants Melanie Chinen and Bob Awana (In Their Official Capacities), and State of Hawaii's Motion to Dismiss Filed September 8, 2010, filed October 26, 2010[.]" Judgment was entered in favor of Defendants-Appellees State of Hawai'i (State), Melanie Chinen (Chinen), Bob Awana (Awana), and Ashley Chinen (collectively, Appellees) and against Brown.

On appeal, Brown contends:

(1) The circuit court erred in dismissing the case rather than trying the case on its merits.

(2) The circuit court erred in dismissing the case on jurisdictional grounds when Appellees had received notice of the retaliation charge in the separate action Brown filed in the United States District Court for the District of Hawaii (federal court).

(3) The circuit court erred in dismissing the case when, even without the three missing pages, the June 13, 2008 Complaint (Complaint) provided sufficient notice to Appellees of a cause of action for retaliation.

(4) The circuit court erred in dismissing the case when the discovery that three pages of the Complaint were missing "smell[ed] of dirty hands."

(5) The circuit court erred in denying Brown's "Motion for Reconsideration of September 13, 2010 Oral Order Granting [Appellees'] Motion to Dismiss."

---

[2] The Honorable Karl K. Sakamoto presided.

## I.   BACKGROUND

On September 16, 2005, the State of Hawai'i Department of Land and Natural Resources State Historic Preservation Division (SHPD) hired Brown as the Branch Chief Archeologist under a one-year contract. Brown's contract expired on June 30, 2006 and was not renewed. During Brown's employment, Chinen was the SHPD administrator and Brown's direct supervisor. Prior to notifying Brown on June 13, 2006 that his contract would not be renewed, Chinen met with him to discuss her dissatisfaction with his work.

On November 7, 2007, in federal court, Brown filed a Complaint (Federal Complaint) against Chinen, et al. Brown alleged that SHPD did not renew his contract in retaliation for his statements that SHPD procedures "were illegal, unethical, or culturally insensitive." Brown's claims included a First Amendment retaliation claim under 42 U.S.C. § 1983 and a Hawai'i state retaliation claim under Hawaii Revised Statutes (HRS) § 378-62 (Supp. 2011). On May 14, 2008, the federal court dismissed Brown's First Amendment retaliation claim but gave him leave to amend. It also dismissed Brown's Hawai'i state retaliation claim because the State had not consented to be sued in federal court. Brown eventually filed three amended complaints, each reasserting his First Amendment retaliation claim. On June 15, 2009, Chinen filed a motion for summary judgment as to Brown's First Amendment retaliation claim. The State, among other defendants, filed a joinder to Chinen's motion for summary judgment. On September 23, 2009, the federal court granted the State's motion for joinder and Chinen's motion for summary judgment as to Brown's First Amendment retaliation claim.

Brown filed his Complaint in the instant case in circuit court on June 13, 2008. He brought the action "under the common law for negligence and intentional torts and Hawaii Revised Statute for retaliation." He sought damages against the State "for negligence and retaliatory firing." Inexplicably,

3

pages 26-28 of the Complaint were missing. Brown claims the missing pages contained a claim of retaliation under HRS § 378-62.

On December 11, 2008, Brown filed his First Amended Complaint (Amended Complaint) in circuit court against Appellees. The Amended Complaint contained the claim for retaliation in violation of HRS § 378-62. On October 7, 2009, the circuit court granted Awana's motion for summary judgment in his individual capacity. On July 23, 2009, Ashley Chinen's motion for summary judgment was granted. On March 19, 2010, the circuit court granted summary judgment to Chinen in her individual capacity. The only remaining cause of action was the HRS § 378-62 retaliation claim against the State and Chinen and Awana in their official capacities.

On September 8, 2010, Appellees filed a Motion to Dismiss for lack of jurisdiction, asserting that (1) Brown's cause of action accrued on June 13, 2006 when Brown was notified his contract would not be renewed, (2) the Complaint filed on June 13, 2008 did not include Brown's HRS § 378-62 claim, (3) Brown's First Amended Complaint, which for the first time asserted the HRS § 378-62 claim, was not filed until December 11, 2008, after the two-year statute of limitations under HRS § 662-4 (1993) had expired.

On September 13, 2010, the circuit court issued its oral order granting Appellees' Motion to Dismiss. Brown filed a "Motion for Reconsideration of the Oral Order" on September 23, 2010, which the circuit court denied on September 29, 2010. On October 26, 2010, the circuit court issued its written order granting Appellees' Motion to Dismiss. The circuit court entered its Final Judgment on December 9, 2010.

## II.  STANDARDS OF REVIEW

A trial court's ruling on a motion to dismiss is reviewed de novo. Bremner v. City & County of Honolulu, 96 Hawai'i 134, 138, 28 P.3d 350, 354 (App. 2001). The court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it "appears beyond doubt that the plaintiff

can prove no set of facts in support of his or her claim that would entitle him or her to relief." <u>Dunlea v. Dappen</u>, 83 Hawai'i 28, 32, 924 P.2d 196, 200 (1996), overruled on other grounds by <u>Hac v. Univ. of Hawai'i</u>, 102 Hawai'i 92, 105-06, 73 P.3d 46, 59-60 (2003) (citations omitted).

<u>Wong v. Cayetano</u>, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006).

## III. DISCUSSION

The primary question on appeal is whether Brown's HRS § 378-62 retaliation claim was sufficiently presented in the Complaint. HRS § 662-4 states that "[a] tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues[.]" It is undisputed that the statute of limitations for Brown's claim under HRS § 378-62 began to run June 13, 2006 and Brown timely filed the Complaint on June 13, 2008, within the two-year deadline. Brown's Amended Complaint, which asserted a HRS § 378-62 claim for the first time, was not filed until December 11, 2008, after the two-year statute of limitations had run.

Hawai'i Rules of Civil Procedure (HRCP) Rule 15(c) provides that an amended claim is not barred by the statute of limitations if the amendment relates back to the date of the original pleading. HRCP Rule 15(c) states, in relevant part:

> **(c) Relation back of amendments.** An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]

As long as the original claim alleged facts that properly put a party on notice of the subsequent claim, the statute of limitations "is satisfied, regardless of when the claim itself is asserted." <u>Mauian Hotel, Inc. v. Maui Pineapple Co.</u>, 52 Haw. 563, 566, 481 P.2d 310, 313 (1971). The reasoning behind the HRCP Rule 15(c) exception to a statute of limitations is that "pleading the occurrence will properly notify the other party of what evidence to gather." <u>Id.</u> at 568, 481 P.2D at 314.

5

The Hawai'i Supreme Court established the following test to determine whether an amendment to a claim arises out of the same conduct, transaction, or occurrence as the original claim: "[U]nder [HRCP] 15(c)[,] any amendment requiring additional evidentiary proof which was not reasonably foreseeable from the earlier pleadings should be deemed to contain a new occurrence." Mauian Hotel, Inc., 52 Haw. at 568, 481 P.2d at 314.

In the instant case, Appellees were notified by the original pleadings, in this case the Complaint, of the HRS § 378-62 retaliation claim. In the Complaint, Brown stated in the first paragraph that he was bringing action for retaliation and was seeking damages against the State for retaliatory firing. He asserted that SHPD did not renew his contract because he had "voiced his opinion that numerous practices at SHPD were illegal, unethical, or culturally insensitive."

Under the Complaint's negligent supervision claim, Brown alleged that "[a]s a proximate result of the negligent hiring, training, and supervision of [Appellees], [Brown] suffered from the incompetent actions [of Chinen] to include loss of constitutional rights, and retaliation[,]" and "[a]s a proximate result of the negligence of defendants, [Brown's] employment at SHPD was not renewed."

In the Amended Complaint, Brown alleged that "[Appellees] retaliated against [Brown] by fabricating false testimony for pretextual reasons to silence, intimidate, and discredit [Brown] from making legitimate complaints about illegal, unethical and culturally insensitive practices[,]" and "[a]s a proximate result of the retaliation, [Brown's] job was not renewed beyond June 30, 2006." The allegations made in the Amended Complaint under the HRS § 378-62 retaliation claim did not require additional evidentiary proof other than what Appellees would have otherwise gathered in light of the original Complaint.

Therefore, we conclude that the Complaint's negligent supervision claim and the Amended Complaint's retaliation claim are based on the same occurrence, as required under HRCP Rule 15(c). The negligent supervision claim in the Complaint stems from Chinen's alleged mismanagement of SHPD and the alleged failure to renew Brown's employment due to retaliation. The retaliation claim in the Amended Complaint is based on the very same occurrence, namely the failure to renew Brown's employment due to alleged retaliation. Because Appellees were put on notice by the allegations in the Complaint to gather evidence related to the retaliation claim, the circuit court erred in granting Appellees' September 8, 2010 Motion to Dismiss.

## IV. CONCLUSION

The Final Judgment in favor of Defendants-Appellees State of Hawai'i, Melanie Chinen, Bob Awana, and Ashley Chinen filed on December 9, 2010 in the Circuit Court of the First Circuit is vacated and remanded for further proceedings.

DATED: Honolulu, Hawai'i, April 12, 2012.

On the briefs:

Mark S. Beatty
for Plaintiff-Appellant.

John M. Cregor, Jr.
Caron M. Inagaki
Deputy Attorneys General
for Defendants-Appellees
State of Hawai'i and
Melanie Chinen in her official
capacity.

On the statement in lieu of
answering brief:

William J. Wynhoff
for Defendants-Appellees
Melanie Chinen and Bob Awana
in their individual capacities.

Chief Judge

Associate Judge

Associate Judge

7